LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07402 BRO (RZx) | Date | November 6, 2013 |
|---|---|---|---|
| Title | ELIO GARCIA, SAMUEL MORALES V. AURORA COMMERCIAL CORP., ET AL. | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SANCTIONS

On October 14, 2013, Defendants Aurora Commercial Corporation and Nationstar Mortgage LLC filed a motion to dismiss Plaintiffs Elio Garcia and Samuel Morales's complaint.  (Dkt. No. 6.)  In so doing, it appears Defendants have violated Local Rule 7-3 by failing to meet and confer.

Prior to filing a motion, Local Rule 7-3 requires a party to "first contact opposing counsel to discuss *thoroughly* . . . the substance of the contemplated motion and any potential resolution."  L.R. 7-3 (emphasis added).  The rule also requires parties to meet sufficiently in advance of filing their motion: "If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F.R.Civ.P. 12(b) . . . ), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion."  L.R. 7-3.

Here, it does not appear the parties actually met and conferred.  In Defendants' notice of motion, they indicate they "*attempted* to meet and confer with counsel for plaintiffs on October 14, 2013 via telephone and e-mail."  (Not. Mot. 2 (emphasis added).)  But the local rule does not ask the parties to *attempt* to meet and confer, it orders the parties to meet and confer: "counsel . . . *shall* first contact opposing counsel to discuss *thoroughly*."  *See* L.R. 7-3 (emphasis added).  If Defendants' counsel merely attempted to confer with counsel by making *a* phone call, and then sending *an* e-mail, this is not sufficient to discharge its duty to meet and confer.  And in any case

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-07402 BRO (RZx)** | Date | November 6, 2013 |
|---|---|---|---|
| Title | ELIO GARCIA, SAMUEL MORALES V. AURORA COMMERCIAL CORP., ET AL. | | |

Defendants' *attempt* to meet and confer was woefully late: they made their attempt on October 14, 2013, the very day they filed their motion.

  The Court emphasizes that the meet and confer requirement is not an arbitrary or superfluous rule. Local Rule 7-3 helps to conserve judicial resources by eliminating issues that need not be considered by the Court.[1] The rule is of such importance that a district court may even deny a party's motion for failing to comply with its requirements. *See Singer v. Live Nation Worldwide Inc.*, No. 11-0427, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) (denying a motion for summary judgment where the moving party met and conferred three days prior to filing the motion, in violation of Local Rule 7-3).

  Accordingly, Defendants Aurora Commercial Corporation and Nationstar Mortgage LLC are **ORDERED TO SHOW CAUSE** as to why the Court should not sanction them for failing to comply with Local Rule 7-3 prior to filing their instant motion to dismiss. Defendants shall respond to this order in writing **no later than Tuesday, November 12, 2013, at 4:00 p.m.**

  **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

---

[1] Such is the case here, where Plaintiffs agree to completely dismiss several causes of action, and seek leave to amend another. (*See* Opp'n 5.)